[Civ. No. 18467.   Second Dist., Div. Two.   July 25, 1951.]

FANNIE M. BIVENS, Appellant, v. ARNOLD IVAN HABER et al., Respondents.

Maurice J. Hindin and Robert E. Bivens for Appellant.

Kenneth J. Murphy for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before a jury in an action to recover damages for injuries resulting to plaintiff who was struck by an automobile

driven by one of the defendants and owned by the other, plaintiff appeals. There is also a purported appeal from the order denying a new trial.

*Facts:* About 7:30 p. m. on August 7, 1949, plaintiff was crossing the street within a marked crosswalk at the intersection of Sunset Boulevard and Hartford Way in Beverly Hills, California, when she was struck by defendants' automobile.

Immediately prior to the accident plaintiff had alighted from a bus on the south side of Sunset Boulevard and had entered the crosswalk, walking in a northerly direction across the boulevard. At the time she entered the crosswalk the green light was in her favor. Before she had completed the crossing, however, the signal changed.

Defendants' car, traveling in a westerly direction on the north roadway of Sunset Boulevard and following another car, which had been stopped awaiting the green signal, proceeded into the crosswalk when the signal light changed permitting traffic to travel in a westerly and easterly direction. The automobile in front of defendants' barely missed hitting plaintiff and the driver thereof shouted a warning to her. Thereafter defendants' car struck plaintiff.

*Questions:* First: *Did the trial court commit prejudicial error in instructing the jury as follows?*

"At an intersection where traffic is controlled by an automatic signaling device, if a pedestrian starts to cross the street when the signal says 'Go' for his direction of travel, and if before he completes the crossing that signal changes to 'Stop,' the law does not necessarily require that he retrace his steps or that he stand still until the signals change again, but only that he exercise ordinary care in meeting the situation at hand."

*No.* ▉▉ A party may not complain of error in an instruction given at his own request. (*Yolo Water & Power Co.* v. *Hudson,* 182 Cal. 48, 51 [186 P. 772].) In the instant case the record discloses that both plaintiff and defendant requested the foregoing instruction. Therefore this rule is applicable and plaintiff may not allege error in the giving thereof.

▉▉ Second: *Did the trial court err in refusing plaintiff's request to give the following instruction?*

"You are instructed that at a signal-controlled intersection when a 'Go' signal is shown for pedestrian traffic, the pedes-

trian may not only lawfully enter the roadway, but may proceed across to the opposite side of the roadway, even though the signal changes before the pedestrian has completed his or her passage.

"You are further instructed that the pedestrian is entitled, not merely to just so much space as his or her body and clothes require, but to as much space as will afford the pedestrian a safe passage, one that can be taken without either physical interference or such a threat of interference as will reasonably cause the pedestrian to step back or hesitate in his going."

*No.* Plaintiff argues that because the jury was instructed that when a green light is exhibited for motorists, a vehicle shall yield the right of way to pedestrians lawfully in the crosswalk, and some doubt might have been present in the minds of the jurors as to plaintiff's legal right to proceed across the highway, that therefore she was prejudiced by the failure of the trial court to give the requested instruction.

This argument is invalid in the instant case for the reason that at plaintiff's request the trial court instructed the jury thus: "Another section of the Vehicle Code, Section 560(a) provides as follows: 'The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk, or within any unmarked crosswalk, at an intersection.'"

In view of this instruction it became unnecessary for the jury to determine whether plaintiff was "lawfully" in the crosswalk at the time of the accident for they were instructed that regardless of the legality of her presence, defendants were required by law to yield the right of way to her.

It therefore appears that the jury must have found that defendants were negligent and that either (a) plaintiff was contributorily negligent, or (b) the accident was unavoidable, and on such premise returned a verdict in favor of defendants.

Since an order denying a motion for a new trial in a civil action is nonappealable the purported appeal from such order is dismissed.

Affirmed.

Moore, P. J., concurred.

Wilson, J., concurred in the judgment only.

A petition for a rehearing was denied August 8, 1951, and appellant's petition for a hearing by the Supreme Court was denied September 20, 1951.